## SOUTHWESTERN FLOORING & SALES CO. v. WHITE et al.    (No. 7119.)

Court of Civil Appeals of Texas. Austin. June 8, 1927.

**1. Attorney and client ⊚⇒20—Attorney for payee intervening in suit against maker and seeking recovery on note could not represent maker whose interests were adverse.**

In suit on note by transferee of payee in which payee intervened claiming ownership of note and judgment against maker, attorney for payee could not also represent maker of note for whom judgment was rendered, since interests of payee and maker were adverse.

**2. Judgment ⊚⇒725(5)—Judgment for maker in suit on note concluded maker's previous oral admissions as to liability.**

Previous oral admissions by maker as to liability on note *held* concluded by judgment for maker, in suit by payee and his transferee on note against maker.

**3. Judgment ⊚⇒683—Payee's attorneys by one assignment of half interest in note sued on before judgment, continuing to prosecute suit in payee's name, held bound by judgment for maker (Negotiable Instruments Law [Rev. St. 1925, art. 5934]).**

Where oral assignment by payee to attorneys of half interest in note sued on prior to judgment was not made in accordance with Negotiable Instruments Law (Rev. St. 1925, art. 5934), and attorneys after assignment chose to prosecute suit on note in name of payee, judgment in suit in favor of maker was binding on attorneys, and oral assignment was ineffective.

**4. Judgment ⊚⇒683—Assignee of interest in note, has only assignor's rights and is concluded from recovering on note by judgment against payee.**

Assignee from payee of half interest in note has no more rights against maker of note than assignor, and judgment declaring note unenforceable against maker in hands of payee precluded recovery thereon by assignee.

Appeal from Dallas County Court at Law; Paine L. Bush, Judge.

Suit by John White and another, attorneys, against the Southwestern Flooring & Sales Company. Judgment for plaintiffs, and defendant appeals. Reversed and rendered.

Gresham, Willis & Freeman and Alvin H. Lane, all of Dallas, for appellant.

H. J. Yarborough, of Dallas, for appellees.

BAUGH, J.    John White and W. A. Hudson, attorneys, sued the Southwestern Flooring & Sales Company for one-half of the amount of a note for $456 and interest, originally executed by said company and payable to the Special Service & Supply Company. Upon finding of a jury in response to a special issue submitted to them, judgment was rendered for plaintiffs, from which the defendant has appealed.

We think a better understanding of the case may be had by stating the facts first and then the pleadings on which appellees recovered their judgment. The Southwestern Flooring & Sales Company was a corporation doing business in Dallas, of which C. H. Hartman was president. The Special Service & Supply Company, also of Dallas, was an unincorporated concern, of which J. E. Clark was the sole owner. While Clark was away in Philadelphia, said Flooring & Sales Company executed a note for $456, payable to the Special Service & Supply Company, which note was, without authority, assigned by one Frazier, an employee of said Service & Supply Company, to the Athens Pottery Company. The last-named company brought suit on the note against the Southwestern Flooring & Sales Company. While this suit was pending Clark returned from Philadelphia, and with C. H. Hartman went to Clark's attorneys, appellees herein, and, according to appellees' testimony, Hartman admitted that his company owed the note to some one, and wanted to pay it to the rightful owner, but preferred to pay it to Clark (who seemed to have been employed by said Flooring & Sales Company in some capacity), if the suit thereon by the Athens Pottery Company could be defeated. Clark, represented by appellees, intervened in said suit, asserted title to the note sued upon, and asked judgment therein against the Southwestern Flooring & Sales Company for the amount of the note. In that case, however, a final judgment was rendered in favor of the Southwestern Flooring & Sales Company against both Clark and the Athens Pottery Company.

At this point we copy the portion of appellees' petition alleging its cause of action against appellant:

"Fourth. That said J. E. Clark on or about March 1, 1923, came to the office of plaintiffs herein accompanied by one C. H. Hartman, the president of the defendant company, and employed plaintiffs to represent said J. E. Clark in said suit and particularly to defeat the claim of said Athens Pottery Company in and to said note.

"Fifth. Plaintiffs further represent that at said time the said C. H. Hartman, as president of defendant company, stated that said company was justly indebted to some one for the amount of said note and was willing to pay same to the rightful owner thereof, and that if plaintiffs could and would defeat the claim of said Athens Pottery Company to said note that defendant would pay the amount thereof to said Clark.

"Thereupon said Clark agreed and promised plaintiffs to pay them one-half of the amount of said note and accrued interest thereon for their services in defeating the claim of the Athens Pottery Company to said note and verbally assigned to plaintiffs one-half of said note and accrued interest thereon on condition that the claim of said Athens Pottery Company thereto was defeated, and said C. H. Hartman, as president of defendant company and acting for said

company, agreed to said verbal assignment and promised plaintiffs to pay to them said one-half of said note and accrued interest thereon in the event the Athens Pottery Company was defeated in said suit."

The only issue submitted to the jury was as follows:

"Did the defendant promise and agree to pay to the plaintiffs one-half of the note for $456 in the event the suit of the Athens Pottery Company against the Southwestern Flooring & Sales Company should be decided against the Athens Pottery Company?"

The jury answered this question in the affirmative.

The construction and interpretation placed upon the pleadings and the evidence by the respective parties is widely divergent. Appellees insist in support of their judgment that both the pleadings and the evidence clearly show that their claim is for services performed by the appellees for and on behalf of the Southwestern Flooring & Sales Company in said former suit for which it agreed to pay. Appellant, on the other hand, insists that appellees never represented it in said lawsuit, but represented J. E. Clark; that under said pleadings appellees sought to recover only as assignees of one-half of Clark's interest in said note; and that since Clark was denied recovery, the judgment against him is res adjudicata on appellees' claim; and second that at most appellees' claim is an effort to hold appellant liable, on the oral promise of its president, for the debt or default of Clark for his failure to pay appellees their fee, and therefore falls within the statute of frauds.

[1, 2] It is not necessary to discuss the several issues raised on this appeal. We think it conclusively appears that if appellees were entitled to recover against appellant in any event, their only cause of action asserted was under an oral assignment to them by Clark of a half interest in said note, prior to the trial of the suit thereon brought by the Athens Pottery Company, to which assignment Hartman orally agreed. Their pleadings and their own testimony disclose nothing more. The record clearly discloses that in said suit appellees were representing Clark, the intervener, who sought judgment, first, against the Pottery Company, on the ground that he owned the note; and, second, against the appellant as maker for the full amount due thereon. Regardless of previous oral promises of Hartman, or of his statements that his company owed the note to some one and preferred to pay it to Clark, on that trial the issues both as to the ownership of the note and the liability of appellant to pay it to any one were joined. And on the only one of those issues which involved the liability of the appellant, the interests of Clark, whom appellees represented,

were adverse to those of appellant, represented in said suit by other counsel, and judgment there rendered that the appellant owed said note to neither of said parties. Appellees could not therefore have rendered a service to, nor represented, appellant, because their interests were adverse. Any former oral admissions as to liability on the note were necessarily concluded by said judgment. Had appellant desired to admit any liability on the note as to Clark, it could have confessed judgment as to him. But appellees litigated Clark's rights as intervener in that suit and judgment was rendered against him.

[3] Nor does it make any difference that said oral assignment of a half interest in the note was made prior to the date of said judgment. Not only was such assignment not made in accordance with the provisions of the Negotiable Instruments Law (see article 5934, R. S. 1925), but appellees thereafter chose to prosecute suit on said note in the name of Clark, and the judgment therein is binding on them.

[4] Appellees could have had no more rights against appellant on said note than their assignor, Clark, had. It having been judicially determined that said note was unenforceable against appellant in the hands of Clark, the only source through which appellees derived any interest therein, that judgment necessarily precluded any recovery thereon by appellees.

For the reasons stated, the judgment of the trial court is reversed and judgment here rendered for appellant.

Reversed and rendered.